**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

POUYA GOLESTANEH,
Petitioner,
v.
CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 26cv3588 DMS (SBC)

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse.

Petitioner is a native and citizen of Iran. He lawfully entered the United States in 2012 on an immigrant visa, and later acquired a green card as the spouse of a U.S. citizen. (Pet. at 2.)

In 2013, Petitioner and his wife divorced. (*Id.*) Petitioner's ex-wife would no longer support his resident status, and Petitioner filed a petition to remove conditions on residence. (*Id.*) That petition remained pending for several years, during which Petitioner would apply for and receive temporary green cards. (*Id.*)

That situation continued until 2025, when Immigration and Customs Enforcement ("ICE") decided not to re-issue a temporary green card to Petitioner. (*Id.*) That same year,

the Department of Homeland Security issued a Notice to Appear to Petitioner, but according to Petitioner, that Notice was sent to an old address and thus he did not receive it and did not attend his hearing. (*Id.*)

In January 2026, an immigration judge issued an in absentia removal order against Petitioner. (*Id.* at 2-3.) Petitioner filed a motion to reconsider that decision, which the immigration judge denied. (*Id.* at 3.) Petitioner then filed an appeal of that decision, which was pending as of June 25, 2026. (Return at 2.)

On May 31, 2026, Petitioner was driving for Uber and entered Camp Pendleton. (Pet. at 3.) He was stopped at the entrance kiosk, and the guard ordered him to pull over and wait. (*Id.*) ICE agents showed up and took Petitioner into custody. (*Id.*) He was eventually taken to Otay Mesa Detention Center, where he remains. (*Id.*)

On June 17, 2026, Petitioner filed the present case. He raises two claims. First, he alleges he did not receive notice or an opportunity to be heard prior to his detention in violation of his right to due process. Second, Petitioner claims his detention violates the Administrative Procedures Act ("APA"). Respondents argue Petitioner is lawfully detained under 8 U.S.C. § 1231(a) and his APA claim fails. Petitioner does not dispute his detention is currently governed by § 1231(a), but argues that statute does not immunize review of the circumstances of his detention.

Section 1231(a) "governs the detention of noncitizens who have been ordered removed." *Yohannes v. Chestnut*, No. 2:26-cv-01122-JAD-NJK, 2026 WL 1752064, at *3 (D. Nev. June 17, 2026). Here, Petitioner was ordered removed in absentia in January

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2026. Thus, his detention is governed by § 1231(a). Because Petitioner does not raise any challenge to his detention under that statute, his Petition for Writ of Habeas Corpus is denied without prejudice.

**IT IS SO ORDERED.**

Dated: July 29, 2026

Hon. Dana M. Sabraw
United States District Judge